WW ENTERPRISES, INC., d/b/a Les and Carol's Lamp Lounge, Appellant (Petitioner),

v.

The CITY OF CHEYENNE, The County of Laramie, and The State of Wyoming, Appellees (Respondents).

No. 97–111.

Supreme Court of Wyoming.

April 1, 1998.

Carol Watson, Cheyenne, for appellant (petitioner).

Mary B. Guthrie, City Attorney, Cheyenne, for City of Cheyenne.

Thomas D. Roberts, Laramie County Attorney, Cheyenne, for County of Laramie.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Michael D. Basom, Assistant Attorney General, Cheyenne, for State.

Before TAYLOR, C.J., and MACY, GOLDEN and LEHMAN, JJ., and KAUTZ, District Judge.

KAUTZ, District Judge.

This appeal questions whether counties and municipalities may establish different hours when liquor licensees may be open for business. The City of Cheyenne set more restrictive hours for Sunday liquor sales than surrounding Laramie County did. Appellant, a city licensee, challenged the City of Cheyenne's hours, arguing that appellant was denied equal protection. The district court dismissed appellant's challenge to the City of Cheyenne's ordinance setting hours when its liquor licensees may be open for business on Sundays. We affirm the district court's action.

## I. ISSUES

Appellant, WW Enterprises, Inc., d/b/a Les and Carol's Lamp Lounge (Lamp Lounge), states the issues as follows:

I. Wyo. Stat. § 12–5–101, as amended in 1996, is unconstitutional as applied and/or unconstitutional, and violates the equal protection and substantive due process guarantees of the Wyoming and United States Constitutions.

II. The Lamp's Motion for Declaratory Judgment is not fatally defective and states a claim upon which relief can be granted.

Appellee, the City of Cheyenne, states the issue as: [1]

Whether the trial court properly granted the City of Cheyenne's motion to dismiss the Lamp Lounge's complaint under Rule 12(b)(6), W.R.C.P.

Appellee, State of Wyoming, Department of Revenue, defines the issues as follows:

1. Whether Wyo. Stat. § 12–5–101(a) is constitutional and whether the same violates the equal protection guarantees of the Wyoming and United States Constitutions?

2. Whether the trial court properly granted the City of Cheyenne's motion to dismiss the Lamp Lounge's complaint under Rule 12(b)(6), W.R.C.P.?

We consider the Lamp Lounge's issues in two parts: Substantive Due Process and

---

1. Appellee, the County of Laramie, adopted the brief of the City of Cheyenne without reservation.

Equal Protection. Separate consideration of the Lamp Lounge's second issue is unnecessary because the questions it presents are necessarily determined in our analysis of the Lamp Lounge's first issue.

## II. FACTS

In 1996, the legislature amended the law relating to hours of operation for liquor licensees to read:

> (a) All licensees may, with the approval of the local licensing authority, open the dispensing room at 6:00 a.m. and shall close the dispensing room and cease the sale of both alcoholic and malt beverages promptly at the hour of 2:00 a.m. the following day. In addition, licensees shall clear the dispensing room of all persons other than employees by 2:30 a.m.

Wyo. Stat. § 12–5–101(a) (1997).

The prior law permitted liquor licensees to be open on Sundays only from noon until 10:00 p.m. Under the prior statute, Laramie County and the City of Cheyenne each allowed their licensees to operate on Sundays for the maximum time. After the 1996 amendment, however, the Laramie County Commissioners adopted the new maximum time for liquor licensees to be open on Sundays, while the City of Cheyenne limited its licensees to Sunday operating hours of 10:00 a.m. until 10:00 p.m.

The Lamp Lounge felt that it should not be required to close for business when Laramie County licensees outside the City of Cheyenne were permitted to operate. The Lamp Lounge filed a motion for declaratory judgment asking the district court to find Wyo. Stat. § 12–5–101(a) and the City of Cheyenne's ordinance establishing Sunday operating hours unconstitutional. That motion asked the district court to establish identical Sunday hours of operation for all liquor licensees without regard to their location in one local licensing authority or another. The City of Cheyenne filed a motion to dismiss for failure to state a claim upon which relief could be granted under W.R.C.P. 12(b)(6). The district court granted the motion to dismiss, and the Lamp Lounge appealed.

## III. STANDARD OF REVIEW

The standard of review for a W.R.C.P. 12(b)(6) dismissal is:

> "When reviewing a W.R.C.P. 12(b)(6) dismissal, this Court accepts all facts stated in the complaint as being true and views them in the light most favorable to the plaintiff. We will sustain a W.R.C.P. 12(b)(6) dismissal only when it is certain from the face of the complaint that the plaintiff cannot assert any facts which would entitle him to relief."

*Herrig v. Herrig,* 844 P.2d 487, 490 (Wyo. 1992) (citation omitted), *quoted in Davis v. State,* 910 P.2d 555, 560 (Wyo.1996). Although dismissal is a drastic remedy which should be granted sparingly, **a motion to dismiss " 'is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief.' "** *Feltner v. Casey Family Program,* 902 P.2d 206, 208 (Wyo.1995) (*quoting Mummery v. Polk,* 770 P.2d 241, 243 (Wyo.1989)).

*Rissler & McMurry Co. v. State,* 917 P.2d 1157, 1160 (Wyo.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 765, 136 L.Ed.2d 712 (1997) (emphasis added).

## IV. DISCUSSION

### A. SUBSTANTIVE DUE PROCESS

Wyo. Stat. § 12–5–101(a) specifies hours when a liquor licensee may be open for business, subject to "the approval of the local licensing authority * * *." The phrase "with the approval of the local licensing authority" delegates authority to set hours to the local entity which issues liquor licenses. The Lamp Lounge concedes that Wyo. Stat. § 12–5–101(a) delegates such authority to the City of Cheyenne and other municipalities and counties.

The Lamp Lounge argues that the legislature unconstitutionally delegated this authority to municipalities by permitting them to establish different Sunday hours. It claims that this recognition of municipalities and counties as potentially unique is not a compelling governmental interest and bears no rational relationship to any legitimate public

objective. In essence, the Lamp Lounge asserts that it is unconstitutionally unfair to permit counties and municipalities to establish different operating hours for liquor licensees.

The Lamp Lounge did not raise this substantive due process argument before the district court. It argued that the City of Cheyenne's ordinance, as an application of Wyo. Stat. § 12–5–101(a), is an unconstitutional violation of the equal protection clause of the United States Constitution. The Lamp Lounge did not claim that Wyo. Stat. § 12–5–101(a) itself violates constitutional substantive due process standards. Further, it did not present any authority which holds that counties and municipalities may not be recognized as potentially different.

We do not review any issue raised for the first time on appeal, with the exception of jurisdictional issues and issues of such a fundamental nature that they must be considered. *See, e.g., Edgcomb v. Lower Valley Power and Light, Inc.,* 922 P.2d 850, 858 (Wyo.1996) and *Ford v. Starr Fireworks, Inc.,* 874 P.2d 230, 235 (Wyo.1994).

> This court has taken a dim view of a litigant trying a case on one theory and appealing it on another. Further, we will not consider for the first time on appeal an issue neither raised nor argued to the trial court. *Thatcher & Sons v. Norwest Bank Casper,* 750 P.2d 1324, 1328 (Wyo.1988). Parties are bound by the theories which they advanced below.

*Epple v. Clark,* 804 P.2d 678, 681 (Wyo.1991). Because the substantive due process issue was not raised in the Lamp Lounge's complaint, it will not be considered here.

## B. EQUAL PROTECTION

The Lamp Lounge claims that Wyo. Stat. § 12–5–101(a) as *applied* through the City of Cheyenne's ordinance violates equal protection requirements of the United States and Wyoming Constitutions. The district court's dismissal constitutes a finding that the facts in the Lamp Lounge's complaint cannot support such a claim. The facts alleged in the Lamp Lounge's complaint simply state that liquor licensees in Laramie County have different Sunday operating hours from those imposed by the City of Cheyenne on licensees within its boundaries.

The Fourteenth Amendment to the United States Constitution and Wyo. Const. Art. 1, § 34 guarantee "equal protection." These standards prohibit regulation of individuals in a discriminatory manner—a manner not imposed on others *in the same class. Allegheny Pittsburgh Coal Co. v. County Com'n of Webster County, W.Va.,* 488 U.S. 336, 345–46, 109 S.Ct. 633, 638–39, 102 L.Ed.2d 688 (1989) (*quoting Hillsborough Tp., Somerset County, N.J. v. Cromwell,* 326 U.S. 620, 623, 66 S.Ct. 445, 448, 90 L.Ed. 358 (1946)). Equal protection in Wyoming requires a law to operate alike upon all persons or property *under the same circumstances and conditions. Ludwig v. Harston,* 65 Wyo. 134, 197 P.2d 252, 257 (1948) (*quoting State v. Sherman,* 18 Wyo. 169, 176, 177, 105 P. 299, 300 (1909)).

> Equal protection "mandates that all persons similarly situated shall be treated alike, both in the privileges conferred and in the liabilities imposed." *Small v. State,* 689 P.2d 420, 425 (Wyo.1984) (*quoting State v. Freitas,* 61 Haw. 262, 602 P.2d 914, 922 (1979)).

*Allhusen v. State By and Through Wyoming Mental Health Professions Licensing Bd.,* 898 P.2d 878, 884 (Wyo.1995).

The Lamp Lounge's complaint did not allege that liquor licensees *who are similarly situated or in the same class* are treated differently. Licensees of Laramie County are not in the same class nor under the same circumstances and conditions as licensees of the City of Cheyenne. The complaint did not allege that licensees within the City of Cheyenne are treated disparately. Wyo. Stat. § 12–5–101(a) does not provide for unequal treatment of licensees by their licensing authority.

The Lamp Lounge did not allege that Wyo. Stat. § 12–5–101(a) or the City of Cheyenne's ordinance treated it differently from other City of Cheyenne licensees. The facts alleged, even if entirely true, do not support an equal protection claim. The district court properly granted the motion to dismiss under W.R.C.P. 12(b)(6).

## V. CONCLUSION

Wyo. Stat. § 12–5–101(a) delegates authority to set liquor dispensing hours to local licensing entities. The Lamp Lounge's complaint alleged that it was denied equal protection when Sunday dispensing hours were applied to it. However, the Lamp Lounge, licensed by the City of Cheyenne, did not plead that it was given different operating hours from other City of Cheyenne licensees. The Lamp Lounge's complaint failed to state a claim upon which relief could be granted. We affirm the district court.