983 P.2d 1227 (1999)
In the Matter of the WORKER'S COMPENSATION CLAIM OF Shawn T. WRIGHT, an Employee of Wyoming Analytical Laboratories, Inc.:
State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellant (Respondent),
v.
Shawn T. Wright, Appellee (Petitioner).
No. 98-294.
Supreme Court of Wyoming.
July 12, 1999.
*1229 Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General. Argument by Mr. Haggerty, Representing Appellant.
George Santini, Cheyenne, WY, Representing Appellee.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.
HILL, Justice.
After an expedited hearing, the Medical Commission (the Commission) found that Appellee Shawn Wright should be awarded compensation for tests conducted to determine whether there was a causal connection between his current condition and his initial injury. However, the Commission found that these tests established that his current malady was not work-related and, therefore, future claims for the same injury were not compensable. On appeal, the district court held that the Medical Commission was without statutory authority to hold an expedited procedure. As a result, the district court reversed the Medical Commission's order, and remanded the matter for a full evidentiary hearing. Appellant Wyoming Workers' Safety and Compensation Division (the Division) then appealed the matter to this Court. We find that Wright clearly waived his procedural claims by his failure to object to the expedited procedure and by virtue of his subsequent participation. Consequently, we reverse the district court's order and reinstate the order of the Medical Commission with clarification.

ISSUES
The Division phrases the issue as follows:
The Medical Commission decided the contested case in an expedited proceeding according to its Rules. The Employee did not object.
A. Was the Medical Commission's decision within its statutory authority?
Appellee Shawn Wright (Wright) divides this issue into three parts:
1. Did the Medical Commission exceed its jurisdiction and authority by failing to adhere to the contested case procedures mandated under the Wyoming Administrative Procedure Act?
2. Does the Medical Commission have statutory authority to convert a trial-type contested case hearing into an expedited proceeding?
3. Does the Medical Commission have jurisdiction to prospectively deny claims for workers' compensation benefits?

FACTS
After receiving a compensable injury in 1995,[1] Wright underwent an MRI in December of 1996 to determine whether there was an intercranial cause for his continuing problems relating to the use of his right arm. Thereafter, Wright was referred to Dr. Bennett for neuropsychological testing in April of 1997. The results of the MRI were normal, and Dr. Bennett concluded that Wright's condition was not related to a brain injury. Thus, the tests demonstrated no causal relationship between Wright's current complaints and his 1995 injury.
Wright submitted two claims to the Division for the MRI in December of 1996. The first was a hospital bill for $839.00, and the second, a $162.00 charge from the radiologist. The Division denied these claims, stating the results of the MRI demonstrated it was not connected to the original injury. Wright objected, *1230 and the matter was referred by the Division to the Medical Commission.
In its referral, the Division requested a small claims hearing because the amount at issue was less than $2,000.00. Wright utilized his opportunity to object, arguing that the small claims venue was inappropriate because future claims he intended to file relating to his present injury would exceed the $2,000.00 limit. The Medical Commission heeded Wright's objection and issued an order converting the small claims proceeding into a contested case hearing.
The Medical Commission then issued a scheduling order which stated that:
6. Upon request of a party or on the Commission's own motion, a medically contested case may be expedited if the case i[s]:
(i) a matter in which there are no disputed issues of material fact; or
(ii) a matter in which the parties agree to an expedited proceeding.
Following the submission of disclosure statements by both parties, the Medical Commission issued an Order Expediting Case, pursuant to Chapter 11, Section 1 of the Rules of the Medical Commission. The order provided the parties ten days to request reconsideration of the decision to expedite. Neither party objected, and thereafter Wright filed additional exhibits with the Commission. The exhibits filed by Wright contained medical reports concerning consultations and treatments subsequent to the claims filed with the Division. The record does not indicate which, if any, of these charges were filed as claims.
The Commission served the parties with its decision on August 29, 1997. The Commission found that the MRI and the neuropsychological testing were compensable, as they were reasonable and necessary to rule out causation as to the compensable injury and Wright's current complaints. However, the Commission found that the additional procedures were not compensable, stating:
Any and all claims by Shawn Wright for a MRI of the brain and neuropsychological testing by Thomas L. Bennett, Ph.D. shall be calculated and paid at the rates provided by the Wyoming Workers' Compensation Act and the Rules and Regulations of the Objector/Defendant. Any and all claims for additional testing or treatment of his right upper extremity tremors is not compensable under the Wyoming Workers' Compensation Act.
One day prior to service of the Commission's order, Wright filed a second notice of additional exhibits containing medical reports from recent consultations. Upon receiving the Commission's decision, Wright filed a timely notice for reconsideration, claiming newly discovered evidence as found in his latest exhibits, and charging error as a matter of law in the denial of claims which had not yet been filed with the Division. On September 24, 1997, Wright filed another notice of additional exhibits containing his most recent medical reports.
Two days later, Wright filed a petition for judicial review. In his brief to the district court, he raised the following issues:
1. Does the Medical Commission have jurisdiction to prospectively deny claims for workers' compensation benefits?
2. Did the Medical Commission exceed its jurisdiction by ruling on matters which had not been referred to it for contested case determination?
3. Does the Medical Commission have statutory authority to convert a contested case into an expedited proceeding?
4. Did the Medical Commission by hearing this matter as an expedited proceeding violate the contested case provisions of the Wyoming Administrative Procedure Act?
The district court did not address Wright's issues designated 1, 2, and 3, nor did it address the Division's argument that Wright's claims were waived. Instead, the district court found that the dispositive issue was the Commission's lack of statutory authority to conduct expedited proceedings. The district court, therefore, reversed and remanded the case for a full evidentiary hearing. The Division appeals from this order.

*1231 STANDARD OF REVIEW
Generally, review of an appeal from an administrative decision is governed by the provisions of Wyo. Stat. Ann. § 16-3-114(c)(ii)(C) (LEXIS 1999), which directs a reviewing court to "[h]old unlawful and set aside agency action, findings and conclusions found to be * * * [i]n excess of statutory jurisdiction, authority or limitations or lacking statutory right[.]" Russell v. State ex rel. Wyoming Workers' Safety and Compensation Division, 944 P.2d 1151, 1155 (Wyo. 1997). In this case, however, the Division claims that we need not reach the substance of Wright's claims because Wright waived his right to challenge the expedited procedure.
While the question of waiver is often one of fact, when the facts and circumstances relating to the subject are admitted or clearly established, waiver becomes a question of law. 28 Am.Jur.2d, Estoppel and Waiver § 174, at 864-65 (1966); see also Intermountain Brick Company v. Valley Bank, 746 P.2d 427, 431 (Wyo.1987). We review rulings on questions of law de novo. Pohl v. The Bailey Company, 980 P.2d 816, 819 (Wyo.1999); Mortenson v. Scheer, 957 P.2d 1302, 1305 (Wyo.1998). Moreover, when considering an appeal from a district court's review of agency action, we accord no special deference to the district court's conclusions but review the case as if it had come directly to us from the administrative agency. Matter of Fisher, 914 P.2d 1224, 1226 (Wyo.1996).

DISCUSSION

Waiver
The Division maintains that Wright waived his right to challenge the Commission's expedited procedure. We agree.
Waiver is "`the intentional relinquishment of a known right and must be manifest in some unequivocal manner.'" Amax Coal West, Inc. v. Wyoming State Board of Equalization, 896 P.2d 1329, 1333 (Wyo.1995) (quoting Jackson State Bank v. Homar, 837 P.2d 1081, 1086 (Wyo.1992) and Baldwin v. Dube, 751 P.2d 388, 392 (Wyo.1988)). In the scheduling order issued to the parties, Wright was notified that the contested case could be converted into an expedited procedure. When this potential change came to be, Wright was specifically notified of the time in which he could object to the Commission's decision.
Unlike his response to the small claims procedure, Wright remained silent and fully participated in the expedited proceeding, filing at least two sets of exhibits without any complaint as to the procedure. Neither did he request oral argument an option provided to the parties in an expedited case. Finally, his motion for reconsideration to the Commission also failed to raise any objection to the expedited procedure. In other words, Wright had the right and the opportunity to object to an expedited procedure; he knew he had that right, and the record is positive in reflecting his intent to relinquish that right. "These are the requisite elements of a waiver or estoppel." Herring v. Welltech, Inc., 660 P.2d 361, 366 (Wyo.1983). Consequently, unless Wright can demonstrate that his claim comes within an exception to the waiver rule, he is estopped from asserting this issue on appeal.
Wright argues that the Commission's failure to provide a trial-type hearing, as mandated under the Wyoming Administrative Procedures Act, is a jurisdictional error which cannot be waived. It is true that we will consider an issue raised for the first time on appeal if it is a jurisdictional issue or an issue "of such a fundamental nature that [it] must be considered." Pohl, 980 P.2d at 819; WW Enterprises, Inc. v. City of Cheyenne, 956 P.2d 353, 356 (Wyo.1998). It is only subject matter jurisdiction, however, which evades waiver on appeal. Platte Development Company v. Wyoming Environmental Quality Council, 966 P.2d 972, 974 (Wyo.1998); Routh v. State, ex rel. Wyoming Workers' Compensation Division, 952 P.2d 1108, 1114 (Wyo.1998) (distinguishing between the ability to waive personal jurisdiction as opposed to subject matter jurisdiction).
Subject matter jurisdiction is the power to hear and determine cases of a certain class. French v. Amax Coal West, 960 P.2d 1023, 1029 (Wyo.1998). Wright does not dispute that his claim was properly *1232 identified as a medically contested case. A medically contested case is precisely the subject matter jurisdiction conferred on the Commission by the legislature. Wyo. Stat. Ann. § 27-14-616[2]; see also Pohl, 980 P.2d at 819 (claim that Medical commission lacked subject matter jurisdiction over medically contested case considered for first time on appeal). Therefore, the subject matter jurisdiction exception to waiver does not apply here.
Nor can Wright avoid waiver by claiming his objections at the district court level rise to a substantive challenge to the expedited procedure. Wright correctly notes that due to an agency's inability to address claims relating to the constitutionality of enabling statutes and agency rules, we will consider those issues raised for the first time on appeal. Pohl, supra.; Armed Forces Co-op. Insuring Association v. Department of Insurance, 622 P.2d 1318, 1332-33 (Wyo. 1980). However,
Notwithstanding this principle, a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process. "Due process" is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal.

Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985)(emphasis added); Gilbert v. National Transportation Safety Board, 80 F.3d 364, 367 (9th Cir.1996). The flaw in Wright's argument is his failure to recognize that, had Wright raised his procedural concerns, the Commission had the power and authority to rectify any procedural infirmity by returning the matter to a full evidentiary hearing.
As discussed above, Wright was given the opportunity to object but did not do so. The Commission has adopted a procedure to be used in an expedited case, and the rules are available to the litigants. Thus, Wright knew exactly the process he would receive and the rights he waived in agreeing to the expedited procedure. Moreover, Wright's active participation in the proceedings invited the Commission to exercise the authority he now claims to be beyond statutory allocation. Because Wright abandoned the opportunity to allow the agency to remedy alleged procedural defects, he waived both his claim regarding the statutory basis for the Commission's actions and his procedural due process claim.
Wright contends that this case is controlled by our holding in Jackson v. Wyoming Workers' Compensation Division, 786 P.2d 874 (Wyo.1990). There, we held that the hearing examiner not only exceeded statutory authority, but failed to provide due process in granting summary judgment in a contested case procedure.[3] We specifically found that Jackson had demonstrated a prejudicial denial of due process because the record revealed a need for cross-examination of the witnesses. Therefore, the hearing examiner precluded Jackson's "ability to fully develop facts material to the disposition of his case." Id. at 878.
*1233 Wright's reliance on Jackson, however, is unavailing because waiver was not an issue in that case. Thus, our holding in Jackson does not apply to the facts before us. Moreover, unlike the claimant in Jackson, Wright does not point to any evidence which required clarification by cross-examination. Wright's failure to object to the expedited procedure prior to and during the proceeding, and his active participation in the proceedings, renders his claims on appeal waived. "This court has taken a dim view of a litigant trying a case on one theory and appealing it on another." WW Enterprises, 956 P.2d at 356; Enron Oil & Gas Company v. Freudenthal, 861 P.2d 1090, 1094 (Wyo.1993); Epple v. Clark, 804 P.2d 678, 681 (Wyo.1991). We will not condone the practice of actively and willingly participating in an agency proceeding, only to appeal the process when an adverse ruling is the result. Therefore, we reverse the judgment of the district court ordering the Commission to conduct a full evidentiary hearing.

Prospective Claims
Wright contends that the Commission erred as a matter of law when it denied claims yet to be filed with the Division. He points to our recent decision, Daiss v. Division of Workers' Safety and Compensation, 965 P.2d 692 (Wyo.1998) wherein we stated:
Neither the Act, the division's rules, nor Wyoming case law authorizes the medical commission to determine the compensability of a procedure when claims for the procedure have not been properly submitted or the procedure has not been the subject of a final determination by the division. Likewise, none of the above-mentioned sources authorizes a contested case hearing to be held on a request for approval of a proposed surgery. We conclude, therefore, that the medical commission properly determined that it lacked subject matter jurisdiction to decide whether the employee's proposed back surgery would be compensable.

Id. at 695 (emphasis added). Because this issue relates to subject matter jurisdiction, it is not waived. However, we find no reason to vacate the Commission's findings as to the matters properly before it.
The record is unclear as to whether Wright submitted additional claims during the pendency of the proceeding. While he avers that he did not, in his brief he claims that "the Medical Commission, in its written findings and conclusions, relied heavily upon the additional medical records and reports provided by Wright from health care providers ... whose claims had been left undetermined pending the results of the hearing before the Medical Commission." We also note that the Commission found that Wright had presented "additional outstanding bills" which rendered a small claims procedure inappropriate.
To the extent that the Commission's ruling reaches the compensability of claims filed with the Division and presented to the Commission during the pendency of the hearing, the Commission's order is affirmed. This includes the Commission's finding that the MRI and the neuropsychological examination effectively ruled out the causation nexus between Wright's original injury and his current right upper extremity tremors. However, the Commission lacked subject matter jurisdiction over future claims. As a result, we find that the Commission's comments regarding future claims are merely a commentary on the res judicata effect of its ruling.

CONCLUSION
Wright waived all objections to the expedited procedure through his affirmative actions which deprived the Commission of the ability to correct any procedural error. We, therefore, affirm the order of the Medical Commission as it relates to all claims filed by Wright with the Division and presented to the Commission during the expedited procedure.
NOTES
[1] The underlying facts relating to Wright's original injury in 1995 and his claims for permanent partial disability benefits are set forth in Wright v. Wyoming Workers' Safety and Compensation Division, 978 P.2d 1162, 1163-64 (Wyo.1999).
[2] § 27-14-616. Medical commission; hearing panels; creation; membership; duties; rulemaking.

(a) The medical commission is created to consist of eleven (11) health care providers appointed by the governor as follows:
....
(b) ... The duties of the commission shall be:
....
(iv) To furnish three (3) members of the commission to serve as a medical hearing panel to hear cases referred for hearing. The division shall refer medically contested cases to the commission for hearing by a medical hearing panel.... Following referral by the division, the hearing examiner or medical hearing panel shall have jurisdiction to hear and decide all issues related to the written notice of objection filed pursuant to W.S. XX-XX-XXX(k).... When hearing a medically contested case, the panel shall serve as the hearing examiner and shall have exclusive jurisdiction to make the final administrative determination of the validity and amount of compensation payable under this act.
Wyo. Stat. Ann. § 27-14-616 (LEXIS 1999)(emphasis added).
[3] This holding was later modified in Neal v. Caballo Rojo, Inc., 899 P.2d 56, 58-59 (Wyo. 1995), where we found summary judgments are available in worker's compensation cases. See also Shaffer v. State ex rel. Wyoming Workers' Safety and Compensation Division, 960 P.2d 504, 506 (Wyo.1998).