**AMOCO PRODUCTION COMPANY,**
Appellant (Petitioner),

v.

**WYOMING STATE BOARD OF EQUALIZATION, Edmund Schmidt, in his official capacity as Chairman, Board of Equalization, Roberta A. Coates, in her official capacity as Vice Chairman, Board of Equalization, and Ronald Arnold, in his official capacity as a member of the Board of Equalization; and Wyoming Department of Revenue, Appellees (Respondents).**

No. 99–272.

Supreme Court of Wyoming.

July 13, 2000.

Rehearing Denied, Aug. 3, 2000.

Representing Appellant: John L. Bordes, Jr. of Oreck, Bradley, Crighton, Adams & Chase, Boulder, Colorado.

Representing Appellee Department of Revenue: Vicci Colgan, Chief Deputy Attorney General; and Michael Dinnerstein, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY *, GOLDEN, and HILL, JJ.

MACY, Justice.

Appellant Amoco Production Company petitioned the district court for a review of the decision issued by the State Board of Equalization[1] with regard to Amoco's liability for ad valorem taxes. The district court certified the case to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

We reverse and remand.

## ISSUES

Amoco presents several issues for our review on appeal:

### JURISDICTION

1. Did the Board of Equalization Improperly Invoke Subject Matter Jurisdiction?

2. Does The Board of Equalization Possess Mandamus Powers Against A Taxpayer?

3. Does The Decision of The State Board of Equalization Violate the Doctrine of Collateral Estoppel?

### PROCEDURE

4. Did The State Board of Equalization Commit Reversible Error When It Failed To Remove The Case From The Expedited Docket?

5. Did The State Board of Equalization Act Without Observance of Procedure When It Expanded Its Review To Matters Not Pleaded?

### CONSTITUTION

6. Does the Decision of the State Board of Equalization Violate Article 15, §§ 3 and 11(a) and (d) of the Wyoming Constitution?

### SUBSTANTIAL EVIDENCE

7. Is the Decision of the Board of Equalization Based on Substantial Evidence?

### STATUTORY CONSTRUCTION

8. Did The State Commit Reversible Error When It Ruled W.S. § 39–2–201(j) was not applicable?

*Antelope Valley Improvement v. State Board of Equalization for State of Wyoming,* 992 P.2d 563 (Wyo.1999), and our opinion on the petition for clarification, 4 P.3d 876 (Wyo.).

---

* Retired June 2, 2000.

1. Although the State Board of Equalization is listed as a party in the caption of this case, it properly did not file a brief or appear at oral arguments in accordance with our directives in

9. Did The Board of Equalization Commit Reversible Error When It Relied On W.S. 8–1–107?

10. Does The Decision of The Board of Equalization Violate W.S. § 39–2–214?

11. Did The Board Lack Statutory Authority When It Ordered Appellant To Pay The Gross Product Tax Without An Assessment Or Tax Bill?

## FACTS

Amoco was the operator and working interest owner of the Wertz Dome Unit located in Sweetwater and Carbon Counties. It allocated the unit's production between the two counties. The counties were concerned about the allocation because it affected their ad valorem tax revenues, and Amoco was concerned about the allocation because Sweetwater County had a higher mill levy than Carbon County had.

Appellee Wyoming Department of Revenue contracted with a private auditor to examine the Wertz Dome Unit production for 1980 through 1988. The audit concluded that Amoco had misallocated the production between the two counties during those years by overallocating the production to Carbon County and underallocating it to Sweetwater County. The Department of Revenue communicated the audit results to Amoco, and Amoco asserted that the two-year limitation set out in Wyo. Stat. Ann. § 39–2–201(j) (Michie 1997) (repealed 1998) allowed the Department of Revenue to review only the 1987 and 1988 production years. On July 2, 1990, the State Board of Equalization issued a special directive to Sweetwater and Carbon Counties with regard to Amoco's 1987 and 1988 production.

On February 28, 1994, the Department of Revenue sent a letter to Amoco which included a reference line stating: "RE: Final Determination of Oil Production Allocation for the Wertz Dome Unit (1980—1986 Production Years)." The Department of Revenue stated in the letter that Amoco had improperly allocated the production for the Wertz Dome Unit between Sweetwater County and Carbon County for the 1980 through 1986 production years. The letter also informed Amoco that, if it did not agree with the Department of Revenue's determination, it could appeal to the State Board of Equalization.

Amoco filed an appeal with the State Board of Equalization. The State Board of Equalization assigned the case to its expedited docket and, after reviewing the parties' briefs, affirmed the Department of Revenue's decision. Amoco filed a petition for a review of the State Board of Equalization's decision, and the district court certified the case to this Court.

## STANDARD OF REVIEW

■ When an administrative decision is certified to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to the court of the first instance. *Petroleum Inc. v. State ex rel. State Board of Equalization*, 983 P.2d 1237, 1239 (Wyo.1999); *Union Telephone Company, Inc. v. Wyoming Public Service Commission*, 907 P.2d 340, 341–42 (Wyo.1995). Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999) governs judicial review of administrative decisions. W.R.A.P. 12.09(a); *Everheart v. S & L Industrial*, 957 P.2d 847, 851 (Wyo.1998). If substantial evidence supports an agency's findings, we will not substitute our judgment for that of the agency. *Hepp v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 977 P.2d 682, 685 (Wyo.1999). If the agency's conclusions of law are in accordance with the law, this Court will affirm them. *Corman v. State ex rel. Wyoming Workers' Compensation Division*, 909 P.2d 966, 970 (Wyo.1996). When an agency has not invoked and properly applied the correct rule of law, we correct the error. *Petroleum Inc.*, 983 P.2d at 1239.

## DISCUSSION

### A. Subject Matter Jurisdiction

■ Amoco maintains that the State Board of Equalization did not have subject matter jurisdiction to decide the issues presented in this case. The Department of Revenue contends that the State Board of Equalization properly invoked its subject matter

jurisdiction. We agree with the Department of Revenue.

The concept of subject matter jurisdiction is applicable equally to courts and administrative agencies. *See State ex rel. Wyoming Workers' Safety and Compensation Division v. Wright,* 983 P.2d 1227, 1231 (Wyo.1999); *Routh v. State ex rel. Wyoming Workers' Compensation Division,* 952 P.2d 1108, 1114 (Wyo.), *cert. denied,* 525 U.S. 814, 119 S.Ct. 49, 142 L.Ed.2d 38 (1998). An agency does not have discretion in determining whether or not it has subject matter jurisdiction; subject matter jurisdiction either exists or it does not. *Weller v. Weller,* 960 P.2d 493, 495 (Wyo.1998). If an agency lacks subject matter jurisdiction, any proceeding conducted by it has a fundamental defect "which cannot be cured by waiver or consent by the parties." 960 P.2d at 496; *see also Pawlowski v. Pawlowski,* 925 P.2d 240, 243 (Wyo.1996).

"Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Lacey v. Lacey,* 925 P.2d 237, 238 (Wyo.1996) (quoting *Fuller v. State,* 568 P.2d 900, 903 (Wyo.1977)); *see also Weller,* 960 P.2d at 495. The statute which outlined the basic powers of the State Board of Equalization during the time in question stated in pertinent part:

(a) The state board of equalization shall perform the duties specified in article 15, section 10 of the Wyoming constitution and shall hear appeals from county boards of equalization, review final decisions of the department [of revenue] on state excise taxes and review department assessments of property and tax determinations.

Wyo. Stat. Ann. § 39–1–304(a) (Michie 1994) (amended 1995 & repealed 1998).[2]

In its argument on this issue, Amoco does not dispute the Department of Revenue's general power to examine a taxpayer's production reports and allocation determinations or the general power of the State Board of Equalization to review the Department of Revenue's decisions. Instead, Amoco argues that the Department of Revenue's February 28, 1994, letter was not appealable because it was not a final determination. Amoco claims that, rather than sending a letter to it which set out the decision, the Department of Revenue should have issued its final determination by formally certifying the new valuation to the county assessors with a notice of valuation change or a special directive.

Amoco cites various statutes and administrative rules and regulations which govern certification of taxable valuations to the county assessors. *See, e.g.,* Wyo. Stat. Ann. § 39–2–201(e) (Michie 1997) (repealed 1998). Amoco does not, however, direct us to any statutory or regulatory authority which states that the Department of Revenue must make its final determination concerning allocation decisions by issuing a notice of valuation change or a special directive. Indeed, the relevant statutes seemed to envision that the taxpayer would be notified of the Department of Revenue's valuation decision and given an opportunity to contest the assessment before the valuation was certified to the counties. *See, e.g.,* Wyo. Stat. Ann. § 39–2–201(d) & (e) (Michie 1997) (repealed 1998). Amoco appeared to agree at the administrative level with the Department of Revenue's means of issuing its final determination. It stated in its brief to the State Board of Equalization that the Department of Revenue's letter was a final determination which was subject to appeal and that it believed "a Notice of Value or corresponding tax notices from Sweetwater [C]ounty would be forthcoming."

This Court agrees with the Department of Revenue that its February 28, 1994, letter to Amoco was a final determination. The letter communicated the Department of Revenue's final and conclusive decision concerning the allocation of production from the Wertz Dome Unit for 1980 through 1986 and was subject to appeal. The State Board of Equalization, therefore, had subject matter jurisdiction to decide the issues presented in Amoco's appeal.

---

**2.** After repealing § 39–1–304 in 1998, the legislature passed a similar provision which is codified at Wyo. Stat. Ann. § 39–11–102.1(c) (LEXIS 1999).

## B. Expedited Hearing

■ Amoco contends that the State Board of Equalization violated its right to procedural due process by considering factual issues which were not included in its notice of appeal and by failing to remove the case from the expedited docket once it decided to expand the scope of the hearing. The Department of Revenue argues that we should not consider Amoco's complaints about the procedure employed by the State Board of Equalization because Amoco did not object to the procedure at the agency level. We agree with Amoco.

■ Parties to administrative proceedings are entitled to due process of law. *Pfeil v. Amax Coal West, Inc.*, 908 P.2d 956, 961 (Wyo.1995); *Amoco Production Company v. Wyoming State Board of Equalization*, 882 P.2d 866, 872 (Wyo.1994). "Procedural due process principles require reasonable notice and a meaningful opportunity to be heard before government action may substantially affect a significant property interest." *Pfeil*, 908 P.2d at 961; *see also Whiteman v. Wyoming Workers' Safety and Compensation Division, Department of Employment*, 984 P.2d 1079, 1083 (Wyo. 1999).

■ The procedures outlined in the Wyoming Administrative Procedure Act are designed to provide parties in administrative proceedings with due process. *Roush v. Pari–Mutuel Commission of State of Wyoming*, 917 P.2d 1133, 1143 (Wyo.1996). For example, Wyo. Stat. Ann. § 16–3–107(a) (LEXIS 1999) states in relevant part: "In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice." Additionally, Wyo. Stat. Ann. § 16–3–107(j) (LEXIS 1999) provides in pertinent part: "Opportunity shall be afforded all parties to respond and present evidence and argument on all issues involved."

In the case at bar, Amoco's notice of appeal to the State Board of Equalization stated that the Department of Revenue's decision was contrary to the procedures, policies, and laws of the State of Wyoming and that the decision violated § 39–2–201(j). Pursuant to its own motion, the State Board of Equalization entered a briefing order, transferring the case to the expedited docket and establishing a schedule for submission of briefs. The briefing order stated that either party could "request reconsideration of disposition on written brief[s]" within ten days from the date of the order. Amoco did not object to the State Board of Equalization's decision to expedite the case, and both parties submitted briefs. Amoco argued that the Department of Revenue was not authorized under Wyoming law to reallocate the production from the Wertz Dome Unit for 1980 through 1986. It did not raise an issue regarding the methodology of allocating its production, and it did not present evidence to support its allocation method. Nevertheless, the State Board of Equalization found Amoco had not proven that it correctly allocated and reported its production for 1980 through 1986.

The State Board of Equalization violated Amoco's procedural due process rights and Amoco's rights under Wyo. Stat. Ann. § 16–3–107 (LEXIS 1999) when it addressed the factual issues regarding the propriety of Amoco's allocation of the Wertz Dome Unit production without giving Amoco notice of its intent to consider the issues and an opportunity to present evidence and argument in support of its position. Believing that the State Board of Equalization was simply going to address the legality of the Department of Revenue's actions, Amoco did not present evidence concerning its method of allocating the Wertz Dome Unit production. Although the Department of Revenue did present some evidence in the form of an affidavit which pertained to Amoco's method of allocating the Wertz Dome Unit production, the State Board of Equalization had an extremely sparse factual basis on which to decide whether or not Amoco appropriately allocated the production. The procedure employed by the State Board of Equalization in this case certainly did not promote full and fair development of the factual issues or provide a sufficient record for this Court to review the reasonableness of the State Board of Equalization's decision.

■ The Department of Revenue contends that Amoco waived its procedural due

process claim by failing to present its arguments about the flawed procedure to the State Board of Equalization. A party is obligated to object at the agency level to the administrative tribunal's procedure so that the tribunal will have an opportunity to correct its errors. *Wright*, 983 P.2d at 1231. If a party has an opportunity to object to the administrative tribunal's procedural rulings and fails to do so, it waives its right to challenge the administrative tribunal's procedure on appeal. *Id.*

Although it is true that Amoco did not object to the State Board of Equalization's decision to place the case on the expedited docket, Amoco was not aware at that time that the State Board of Equalization was planning to consider the factual issues regarding the allocation of production. It could not be expected to object when it was not apprised of the State Board of Equalization's intent to consider the factual basis for its allocation. Amoco did not, therefore, waive its right to raise the procedural issue on appeal. *See generally Wright*, 983 P.2d at 1231 (holding, in contrast to this case, that the claimant was aware of the relevant circumstances when he participated in an expedited case process and, consequently, waived his right to assert a due process violation on appeal).

Because we conclude that the procedure employed by the State Board of Equalization was constitutionally flawed, we do not need to address the remainder of the issues presented by Amoco in its appeal to this Court. We realize that our decision today does not resolve the underlying controversy or the significant legal issues regarding ad valorem taxation presented in this case. It would, however, be improper for this Court to render an advisory opinion concerning the merits of the case on the inadequate record currently before us. The State Board of Equalization will, upon remand, conduct a contested case hearing, and, hopefully, the other issues will be resolved, or at least fully addressed, at the administrative level.

Reversed and remanded.