2010 WY 151

**Ronald D. KELLY, Appellant (Defendant),**

v.

**Dustin KILTS, Personal Representative of the Estate of Roxie Carol Kelly, Deceased, Appellee (Plaintiff).**

No. S–10–0090.

Supreme Court of Wyoming.

Nov. 23, 2010.

Representing Appellant: Richard H. Peek, Casper, Wyoming.

Representing Appellee: Rex O. Arney and Carrie L. Shaw of Brown, Drew & Massey, LLP, Sheridan, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1]   Roxie Carol Kelly filed a complaint for divorce from her husband, Ronald D. Kelly.   Mr. Kelly filed an answer in which he stated that he did not object to the divorce being awarded to Mrs. Kelly.   Six days later, Mrs. Kelly filed a motion requesting an emergency hearing, alleging she was in the hospital in critical condition and wanted the divorce finalized before she died.   After efforts to schedule a hearing with Mr. Kelly's attorney were unsuccessful, the district court entered a divorce decree awarding Mrs. Kelly a divorce and retaining jurisdiction to equitably divide the marital estate at a later date.   Mr. Kelly filed a motion to set aside the decree, which the district court denied,

and Mr. Kelly appealed the decree to this Court. We affirm.

## ISSUE

[¶ 2]   Mr. Kelly presents the following issue on appeal:

Did the trial court commit reversible error when it prepared and entered the Decree of Divorce on September 15, 2006, without a hearing and notice to the parties in violation of Rules 12(c), 56(c), and 6(c), W.R.C.P., and in violation of [Mr. Kelly's] right to due process?

## FACTS

[¶ 3]   The parties were married in 1977. They had no children together. Mrs. Kelly filed her complaint for divorce on August 9, 2006. Mr. Kelly filed an answer to the complaint on September 8, 2006, in which he affirmatively stated "that either party could be awarded a divorce under the circumstances, but [he did] not object to [Mrs. Kelly] being awarded the divorce as the filing party." In his prayer for relief, he asked the court to enter an order "[a]warding [Mrs. Kelly], as the filing party, a divorce."

[¶ 4]   Six days later, on September 14, 2006, Mrs. Kelly filed a motion for emergency hearing. The motion alleged that Mrs. Kelly was hospitalized in intensive care and had spoken with friends and relatives about wanting to obtain her divorce "now" because she did not want Mr. Kelly making health care decisions for her or, in the event of her death, inheriting her share of the marital property. The motion further alleged that in the event of her death Mrs. Kelly wanted any property she owned to go to her family.

[¶ 5]   By decree entered September 15, 2006, the district court awarded Mrs. Kelly a divorce. The decree stated that the court attempted to schedule an emergency hearing with Mr. Kelly's attorney before entering the decree but he was unable to appear in court at any of the times discussed. The decree further stated that both parties acknowledged irreconcilable differences had arisen

between them and "due to the immediacy of the issue and the fact that [Mr. Kelly] agreed that a divorce should be granted, it is in the best interest of the parties that a decree of divorce be granted and [Mrs. Kelly], as the filing party, should be awarded a divorce." The Court retained jurisdiction over the parties and the subject matter to address all other issues, including the division of the marital estate.

[¶ 6]   On September 19, 2006, Mr. Kelly filed a motion to set aside the decree. He asserted the district court entered the decree without proper notice or hearing in violation of W.R.C.P. 6(c) based upon an unverified motion containing inadmissible hearsay without giving him time to respond or file a motion to amend his answer. He further asserted the entry of the decree violated his right to due process. Along with the motion, Mr. Kelly filed motions to amend his answer to request that he be awarded a divorce and for appointment of a guardian ad litem to represent Mrs. Kelly's interests in the proceedings.

[¶ 7]   Mrs. Kelly died on September 19, 2006. After her death, Mr. Kelly supplemented his motion to set aside the decree, asserting that its entry deprived him of significant property he and Mrs. Kelly held as tenants by the entireties which, but for the divorce, would have passed to him as surviving spouse.[1] Dustin Kilts, as personal representative of Mrs. Kelly's estate, filed a motion to be substituted for Mrs. Kelly in the district court proceedings, which motion the district court granted. After a hearing, the district court denied Mr. Kelly's motions to set aside the decree, amend his answer and appoint a guardian ad litem.

[¶ 8]   The district court subsequently convened a hearing for purposes of taking evidence on the issue of dividing the marital property. Following the hearing, the court entered an order dividing the marital property. Mr. Kelly timely appealed to this Court. The notice of appeal states that the appeal is from the decree of divorce and not from the order dividing the marital property.

---

1.   Mr. Kelly also filed a notice of appeal to this Court. We dismissed the appeal finding that the decree was not an appealable order because the

district court had retained jurisdiction to divide the marital property; therefore, the order appealed did not resolve all outstanding issues.

## STANDARD OF REVIEW

[¶ 9] Mr. Kelly asserts that the district court violated W.R.C.P. 6, 12 and 56. The interpretation of rules, like the interpretation of statutes, involves a question of law which we review *de novo. Busch v. Horton Automatics, Inc.,* 2008 WY 140, ¶ 13, 196 P.3d 787, 790 (Wyo.2008). Mr. Kelly also asserts the district court violated his right to due process, which is also a question of law reviewed *de novo. Welch v. Welch,* 2003 WY 168, ¶ 5, 81 P.3d 937, 938 (Wyo.2003).

## DISCUSSION

[¶ 10] Mr. Kelly contends the district court did not comply with the following provision:

**[W.R.C.P.] 6. Time.**

. . . .

(c) *Motions and motion practice.—*

(1) Unless these rules or an order of the court establish time limitations other than those contained herein, all motions . . . together with supporting affidavits, if any, shall be served at least 10 days before the hearing on the motion. Except as otherwise provided in Rule 59(c), or unless the court by order permits service at some other time, a party affected by the motion may serve a response, together with affidavits, if any, at least three days prior to the hearing on the motion or within 20 days after service of the motion, whichever is earlier.

Mr. Kelly asserts the district court violated this rule when, after Mrs. Kelly filed her motion for an emergency hearing, it entered the decree granting the divorce without a hearing or allowing him to respond to the motion. He contends Rule 6(c)(1) required the district court to convene a hearing at least ten days after Mrs. Kelly filed her motion. He further contends the rule required the district court to allow him to serve a response three days before the hearing or twenty days after service of Mrs. Kelly's motion, whichever was earlier.

[¶ 11] Mr. Kilts maintains a hearing was not required on Mrs. Kelly's motion for an emergency hearing. He relies in part on the following language in Rule 6(c)(2):

(c) *Motions and motion practice.—*

. . . .

(2) A request for hearing may be served by the moving party or any party affected by the motion within 20 days after service of the motion. *The court may, in its discretion, determine such motions without a hearing, except for those motions which will determine the final rights of a party in an action.* (Emphasis added.)

[¶ 12] We conclude the language in Rule 6(c)(2) is determinative. The motion for emergency hearing to award Mrs. Kelly a divorce in proceedings in which both parties had agreed that a divorce was appropriate and should be awarded to Mrs. Kelly as the filing party was not a motion that would determine the final rights of either party. The final rights of the parties were left to be determined at a later date. Under these circumstances, the district court properly exercised its discretion to grant the divorce without a hearing pursuant to Rule 6(c)(2).

[¶ 13] Mr. Kelly also asserts the district court failed to comply with Rule 12(c), which states in relevant part as follows:

(c) *Motion for judgment on the pleadings.—*After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

By considering Mrs. Kelly's statements concerning her hospitalization and health status, Mr. Kelly contends the motion for judgment on the pleadings was converted to a motion for summary judgment governed by Rule 56, which provides in part:

(a) *For claimant.—*A party seeking to recover upon a claim . . . may, at any time after the expiration of 20 days from the commencement of the action . . . move with or without supporting affidavits for a

summary judgment in the party's favor upon all or any part thereof.

....

(c) *Motion and proceedings thereon.*— Unless the court otherwise orders, the motion and any response and other papers relating thereto shall be served pursuant to Rule 6(c). The judgment sought shall be rendered forthwith if the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

....

(e) *Form of affidavits;* ...—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Mr. Kelly also asserts error in the district court's consideration of the statements because they were not presented in a form admissible at trial.

[¶ 14] Our resolution of Mr. Kelly's Rule 6 argument applies with equal force to this argument. Rule 6(c)(2) gives district courts the discretion to determine motions without a hearing unless the motion will determine the final rights of the parties. No one disputed in this case that the district court should enter a decree dissolving the marriage. The only matter for the district court to decide was how the marital property should be divided, which was left for a later hearing. Once Mrs. Kelly filed her complaint for divorce, nothing Mr. Kelly submitted would have changed the outcome with respect to dissolution of the marriage. Had there been a hearing, he could not have appeared and prevented the court from awarding a divorce. At most, he could have withdrawn his consent to awarding her the divorce and presented reasons why the divorce should have been awarded to him, which would have led to the same result—dissolution of the marriage. The district court did not err in granting the divorce without a hearing.

[¶ 15] Turning to Rule 56 specifically, Mrs. Kelly was entitled after the expiration of twenty days to move for summary judgment on her complaint for divorce with or without supporting affidavits. The decree accurately states that she filed her motion for emergency hearing after expiration of twenty days from commencement of the action. There is no contention that she did not properly serve Mr. Kelly with the motion. Given that the parties agreed a divorce should be granted and that no genuine issue as to any material fact existed on that matter, the district court properly "rendered [judgment] forthwith" by entering the decree, "interlocutory in character," dissolving the marriage. The district court properly directed in the decree that it would retain jurisdiction to divide the marital estate at a later date. As for Mr. Kelly's contention that the district court should not have considered the statements in Mrs. Kelly's motion that she was hospitalized and wanted the divorce finalized, we find no error under the circumstances of this case. The matter for the district court's determination upon Mrs. Kelly's motion was whether a divorce should be granted. The pleadings showed that no genuine issue as to any material fact existed and a divorce should be granted as a matter of law.

[¶ 16] Mr. Kelly argues that entry of the decree deprived him of the opportunity to move to amend his answer to request that he, rather than Mrs. Kelly, be awarded the divorce. Citing W.R.C.P. 15(a), he asserts that he was entitled to amend his answer with leave of court, which "shall be freely given." In entering the decree without a hearing, he contends, the district court deprived him of the right to amend. In presenting this argument, Mr. Kelly makes no claim that allowing the amendment and granting him the divorce would have led to a different result in the property division. In fact, as noted early in this decision, Mr. Kelly did not appeal the district court's order dividing the property. Absent an assertion that the failure to allow the amendment and award him the divorce somehow prejudiced him in the property division, any Rule 15 error was harmless.

[¶ 17] Mr. Kelly also asserts the district court denied him his right to due process when it entered the decree without affording him the opportunity to be heard. The Fourteenth Amendment to the United States Constitution, binding upon the states, provides that no State shall "deprive any person of life, liberty, or property, without due process of law." Article 1, § 6 of the Wyoming Constitution, similarly provides, "[n]o person shall be deprived of life, liberty or property without due process of law." Notice and the opportunity to be heard are touch stones of this due process of law. *DH v. Dep't of Family Servs.*, 2003 WY 155, ¶ 38, 79 P.3d 997, 1008 (Wyo.2003). Before a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a meaningful opportunity to be heard. *Loghry v. Loghry*, 920 P.2d 664, 667 (Wyo. 1996). This is true in divorce actions just as it is in other types of cases. *Id.*

[¶ 18] The notice and opportunity for hearing must be appropriate to the particular type of case, and the opportunity to be heard must be at a meaningful time and in a meaningful manner. *Id.* The party claiming an infringement of his right to due process has the burden of demonstrating both that he had a protected interest and that such interest was affected in an impermissible way. *Id.* The question is whether there has been a denial of fundamental fairness. *Id.*

[¶ 19] Mr. Kelly maintains he had a protected property interest in his rights of inheritance as Mrs. Kelly's surviving spouse under Wyo. Stat. Ann. § 2–4–101(a)(ii) (LexisNexis 2009) and to a property allowance under Wyo. Stat. Ann. § 2–7–501 (LexisNexis 2009). By entering a divorce decree without affording him sufficient notice or an opportunity to be heard, Mr. Kelly contends the district court interfered with his protected property interest in an impermissible way. But for the entry of the decree, he asserts, the divorce action would have terminated upon Mrs. Kelly's death and he, as the surviving spouse, would have inherited the property.

[¶ 20] The fallacy in Mr. Kelly's argument is that, once the complaint for divorce was filed alleging irreconcilable differences in the marital relationship, he had no right, constitutional or otherwise, to remain married to Mrs. Kelly. There was no question that the parties wanted the marriage dissolved. To reiterate, at the time the district court entered the decree, Mr. Kelly had answered the divorce complaint by admitting a divorce was in order and asking the court to enter an order granting it to Mrs. Kelly. It was not until after the district court entered the decree in accordance with the parties' requests that Mr. Kelly objected to its entry. Had the district court not entered the decree as requested, and had Mrs. Kelly not become fatally ill, the matter would have proceeded to hearing and the district court would have granted the divorce and divided the property equitably between the parties. The only difference would have been that Mrs. Kelly, rather than her personal representative, would have presented her case as to how the property should be divided. Absent an allegation that awarding Mrs. Kelly the divorce somehow prejudiced Mr. Kelly in the property division, we conclude his property interest was not affected in an impermissible way when the district court entered the divorce decree dissolving the marriage and set the property division hearing for a later date.

[¶ 21] Citing cases from other jurisdictions, Mr. Kelly contends the district court acted improperly when, without a hearing, it bifurcated the proceedings by granting the divorce and retaining jurisdiction to later divide the property. Wyoming does not have a statutory provision expressly authorizing courts to grant a divorce in one proceeding and determine an equitable division of the marital property in a subsequent proceeding. However, the trial of issues separately is well accepted, such as in criminal cases where guilt and punishment are determined separately or personal injury cases where liability and damages may be separately tried. Additionally, W.R.C.P. 56(c) and (d) expressly contemplate the rendering of judgment as a matter of law on some issues and a later trial on any remaining factual issues.

Consistent with this practice, in *Saunders v. Saunders*, 464 P.2d 1020 (Wyo. 1970), the district court heard evidence concerning the cause of the divorce first and evidence concerning the parties' finances and property some months later. Similarly, in *Durham v. Durham*, 2003 WY 95, ¶ 7, 74 P.3d 1230, 1233 (Wyo.2003), the district court held a trial and issued a decision letter addressing child custody, visitation and child support. When the parties were not able to agree on a final order, the district court bifurcated the proceedings by entering a decree of divorce dissolving the marriage and leaving all remaining matters for a future order. *Id.* Some months later, the court issued an order addressing custody, visitation, child support and the property division. Most recently, in *Eickbush v. Eickbush*, 2007 WY 179, ¶ 3, 171 P.3d 509, 510 (Wyo.2007), the parties filed a stipulated motion to bifurcate the proceedings. The district court granted the motion and entered a divorce decree without addressing the related issues of custody, visitation or property. Subsequently, the court entered an order on those issues.

[¶ 23] In light of this precedent, we find no error in the district court's entry of the divorce decree and later determination dividing the property. The parties agreed the marriage should be dissolved, Mrs. Kelly requested an emergency hearing to grant the divorce because she was in poor health, the district court entered the decree when opposing counsel was not available for a hearing, and Mr. Kelly has not appealed the property division order. Under these circumstances, we uphold the divorce decree.

[¶ 24] Affirmed.