# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 25

OCTOBER TERM, A.D. 2012

March 5, 2013

RAYMOND ALEXANDER
VERHEYDT,

Appellant
(Defendant),

v.                                                             S-12-0153

TAMMI WAI-PING VERHEYDT,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
The Honorable Nena James, Judge

*Representing Appellant:*
Galen Woelk of Aaron & Hennig, LLP, Laramie, Wyoming.

*Representing Appellee:*
Elizabeth Greenwood and Inga L. Parsons of Greenwood Law, LLC, Pinedale,
Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KITE, Chief Justice.**

[¶1] Tammi Wai-Ping Verheydt (Wife) and Raymond Alexander Verheydt (Husband) were divorced by decree entered February 27, 2012. Husband appeals, claiming the district court abused its discretion in imputing his monthly income and ordering him to pay child support for several months when he was living in the marital home after Wife filed for divorce and ordering him to pay half the cost of the children's past and future activities as an upward deviation of child support. Husband also contends the district court deprived him of due process in making the above rulings without evidentiary support. We find that Husband waived his right to assert these claims on appeal and we affirm the district court's rulings.

## ISSUES

[¶2] Husband presents the issues for this Court's determination as follows:

> 1. The District Court imputed income to [Husband] without evidence supporting its findings.
>
> 2. The District Court's upward deviation in child support is not supported by evidence, and does not conform to Wyoming's statutory requirements.
>
> 3. The District Court cannot order child support and an upward deviation to that support, for time in which a parent resides with his children.
>
> 4. The District Court deprived [Husband] of his right to due process when it entered an order having no evidentiary support.

[¶3] Wife asserts Husband waived any due process claim by agreeing to proceed by oral argument rather than an evidentiary hearing; conceded or at least did not dispute the facts the district court relied upon in entering its order; and is estopped from challenging the decree because he approved it. Alternatively, she maintains the district court acted within its discretion in entering the decree based upon the undisputed evidence.

[¶4] We conclude the issue for our determination is whether Husband is precluded from asserting his claims on appeal because he expressly waived his right to be heard, agreed to proceed without an evidentiary hearing, did not object to the district court deciding the matters based upon the pleadings, submissions and oral arguments of counsel, and did not request the opportunity to present evidence.

# FACTS

[¶5]  The parties were married in 1994.  They had three children during the marriage: AMV, born in 1999, and MOV and MSV, twins, born in 2001.  Wife filed for divorce in January of 2011.  She requested the district court award the parties joint legal custody of the children and sought primary physical custody.  At the time she filed her complaint for divorce, Wife also filed motions for temporary custody of the children and temporary possession of the marital home.  In the motion, she stated the parties had not formally separated but she had asked Husband to leave the marital residence.

[¶6]  After a hearing on the motions, the district court on May 4, 2011, entered an order in which it found that both parties were very involved with the children and were entitled to remain in the marital home "because ejecting either from the premises would work a disservice to the minor children."  The district court awarded the parties joint legal custody and Wife primary care, ordered the parties to exercise visitation as they had been and ordered that neither party be required to leave the residence.  In July of 2011, pursuant to a second motion filed by Wife, the district court entered an order requiring Husband to move out of the home and giving Wife temporary custody of the children during the divorce proceedings.

[¶7]  In August of 2011, the parties participated in mediation and reached a settlement agreement concerning the division of their property.  They expressly reserved for later resolution the issues of child custody, visitation and support.  Subsequently, the parties entered into a marital settlement, child custody, visitation, and child support agreement.  Pertaining to the issues on appeal, the parties agreed that Husband was obligated to pay Wife $1,000 per month for child support based upon an imputed net income for Husband of $5,600 per month and Wife's net income of $6,400.  They agreed that Husband had paid no child support in the fourteen months since Wife filed for divorce.  They also agreed Husband would pay $7,000 in back child support for the seven month period after he moved out of the marital home in August of 2011 through the divorce trial scheduled in February of 2012.  The parties asked the district court to determine what amount in back child support Husband should pay for the seven months in which he continued to live in the marital home after Wife filed for divorce. The parties also agreed the children should continue with ice skating and dance activities in which they had participated since they were young and Husband had not contributed financially to the costs of those activities since the divorce was filed.  They agreed the district court should determine how the future costs of the activities should be apportioned between them and what amount, if any, Husband should have to pay to Wife for the children's past activity costs.

[¶8]  The agreement also contained the following provisions:

> 6.1    Waiver of Hearing.  In the event Wife seeks a divorce, Husband expressly consents to an immediate hearing upon

3

the Wife's Complaint for divorce without notice to the Husband of the time and place of said hearing, hereby waiving his right to be heard in the defense of the matters alleged in the Complaint, or to be present and cross-examine witnesses of the Wife, and further agrees to the entry of judgment herein against him if the Court determines the Wife to be entitled to a divorce. This waiver is contingent upon the Court approving and adopting the terms of this Agreement.

. . . .

6.3     Understanding of the Parties.   The parties, with the advice of their counsel, have ascertained and weighed all facts and circumstances likely to influence their judgment, and they clearly understand and assent to all the provisions hereof.  It is understood and agreed between the parties that the provisions of this Agreement shall constitute a full and final settlement of all issues concerning division of property, property rights, financial obligations, alimony, support, attorney's fees and court costs, and any and all claims of any kind whatsoever which either party may have against each other.

6.4     Fairness and Absence of Duress.  This Agreement is entered into freely and voluntarily and without duress by either party or by the agents of either party against the other. Each party has had adequate time to carefully consider all the provisions of this Agreement.  The parties acknowledge that they are entering into this Agreement freely and voluntarily, that they have ascertained and weighed all of the facts and circumstances likely to influence their judgment herein, that they have sought and obtained legal advice independently of each other, that they are satisfied in every respect with the advice and representation they have received from their respective attorneys, and that they clearly understand and agree to all terms and provisions of this Agreement.

[¶9] The district court set a hearing on the unresolved issues for February 27, 2012.  The parties filed their settlement agreement in district court that same day and also presented to the court a divorce decree approved as to form and content by their respective attorneys.  Consistent with the settlement agreement, the decree stated that the parties had reached an agreement on many of the issues, including some related to child support, but were seeking court assistance in resolving a few limited issues.  The decree stated further that the parties' agreement constituted a full, complete and final settlement agreement as to the matters it included.  As it relates to this appeal, the decree found that the parties had agreed Husband would pay Wife $1,000 per month for child support based upon an

4

imputed net income for Husband of $5,600 and Wife's net income of $6,400 and ordered Husband to make those payments.

[¶10] Addressing the matters not resolved by the parties' agreement, the decree the parties submitted stated:

> 11. Outstanding Matters: The Court was asked to determine certain limited issues with respect to the parties' divorce involving outstanding financial contributions of the parties and how the Court would distribute such expenditures and obligations both past and future. The Court heard the argument of counsel on those issues, reviewed the pleadings, and was otherwise advised in the premises.

The first five pages of the decree, including the provisions quoted above, are type-written. On the sixth page of the proposed decree, paragraphs j and k contained blanks which the parties intended the district judge to fill in as shown in paragraph 15 of this opinion.

[¶11] With the settlement agreement and the parties' proposed divorce decree before it, the district court prepared to hear the parties' arguments. Prior to the hearing, the district court met with the parties' attorneys who advised the district court their clients were willing to proceed without an evidentiary hearing, solely on the basis of the pleadings, submissions and the attorneys' arguments. The court convened the hearing. Both the parties and their attorneys were present. The court characterized the hearing as "a final hearing" in the proceedings and indicated its understanding that the parties had been working hard to settle the case and only two issues remained for resolution at the hearing. The court informed the parties it had reviewed the documents on file and asked for argument on the remaining issues. No objection was made and no request was made for an evidentiary hearing.

[¶12] Through counsel, Wife presented two exhibits showing a breakdown of the costs of the children's skating and dance activities in the fourteen month period since she filed for divorce. Counsel stated that the total costs for the period were $43,558.03 and Wife had paid the entire amount.[1] Counsel further stated Wife was asking Husband to pay half of the past and future costs of the skating and dance activities, but was not asking him to pay the cost of the children's other activities. She explained that Husband received half

---

[1]From a young age, two of the children had participated in competitive skating and all three children had participated in competitive dancing. Counsel for both parties characterized these activities as high level activities involving competition on a national level with the hope the children would qualify for the Olympics. The settlement agreement states the parties supported the children continuing these activities despite the expense, Wife had paid all of the costs since filing for divorce and the parties agreed the court should determine how the past and future costs of the activities should be apportioned between them.

of the marital property, including several rental properties, half the proceeds from the sale of the parties' airplane and $60,000 in cash. As to the second issue, Wife's counsel argued that Husband should be required to pay $1,000 per month, or $7,000 total, for the seven months in which he lived in the marital home after she filed for divorce. Counsel stated that Wife had paid all of the children's and house related expenses during that time and Husband had provided no financial assistance.

[¶13] Through his counsel, Husband asserted the $43,000 Wife paid for the children's activities in the prior fourteen months was outrageous and it would not be possible for the parties to continue paying those costs after the divorce. Counsel acknowledged the $43,000 was consistent with the cost in prior years and Wife was not overstating the cost. While conceding that it was fair for Husband to pay $1,000 per month child support from the time he moved out of the marital home, counsel argued it was not fair to in essence quadruple that amount by requiring Husband to also pay half of the cost of the children's expensive activities. Counsel agreed Husband "probably is underemployed because he was going to school" but asserted he did not have money to pay $21,000 per year toward the children's activities. In response to the court's question about whether Husband believed he should not have to pay any of the activities' expense, counsel indicated Husband might be able to pay a small portion but would not have much money left after paying $1,000 per month in child support. Counsel stated Husband did not want the children to give up the activities but suggested they could perhaps switch to less expensive recreational programs. Counsel also argued Husband should not be required to pay child support for the seven months after Wife filed for divorce because he was living in the basement of the home where the children lived and caring for them during that time. When asked whether Husband's child support obligation for that seven month period should be higher than $1,000 per month because he contributed nothing toward the children's financial support or for living expenses such as rent or utilities, counsel responded negatively.

[¶14] In rebuttal, Wife's counsel clarified that the parties did not impute $5,600 as income to Husband; rather, Husband had $2,600 actual income from rental property and they had agreed to impute an additional $3,000 in income to him because, despite a master's degree in psychology, the ability to speak seven languages, and the fact that he is an airline pilot, he had not worked for years but had relied instead on Wife's earnings. Counsel disputed Husband's claim that he was primarily responsible for caring for the children during the seven months he continued to live in the marital home after Wife filed for divorce, asserting Wife was involved in their care as much or more than he was. She further argued Husband's claimed inability to pay child support and contribute to the children's activities expense was a result of his own choices, specifically his choice not to rent two properties he received in the property settlement and not to work before, during or after his one week of courses or while taking on-line classes.

6

[¶15]   After hearing the parties' arguments, the district court issued a ruling from the bench.  No objection was made to the ruling, the process leading up to it or the lack of an evidentiary hearing.  The district court reduced its oral ruling to writing by filling in the blanks in the parties' proposed decree as follows:

> j.   The Court further finds the Defendant should pay an additional amount of child support arrearages for the seven month period prior to him being ordered to leave the marital residence in the amount of ***$7,000.00*** to be paid within ***120*** days of the date of this Decree.[2]
>
> k.    The Court finds as to the costs of past and future activities of the minor children, those should be paid for by the parties on the following proportionate share:  ***50%*** for Plaintiff and ***50%*** for Defendant ***[parties' language deleted]*** of past activity expenses***[.] [parties' language deleted]*** Defendant owes Plaintiff for past activity expenses for the minor children ***$21,779.00*** to be paid within ***180*** days of the date of the Decree.    [***50% going forward capped at $30,000.00 per calendar year***.]

[¶16]   Two weeks after the decree was entered, a different attorney entered an appearance on Husband's behalf and filed a motion to alter, amend or enter a new judgment and request for a hearing.  The motion asserted that the parties' agreement did not resolve "and specifically excluded from settlement" the amount Husband should pay for past and future costs of the children's activities and for child support while he was living in the marital residence.  It further asserted that Husband did not waive his due process right or consent to have the above issues adjudicated without a trial, the presentation of evidence and the right to examine, explain or rebut evidence presented at a hearing.  As grounds for the motion,  Husband cited W.R.C.P. 59(a)(1) (irregularity in the proceedings), W.R.C.P. 59(a)(5) (error in the assessment of recovery),  W.R.C.P. 59(a)(6) (order not sustained by sufficient evidence) and  W.R.C.P. 59(a)(8) (error of law); W.R.C.P. 60(b)(4) (decree void as a matter of law); Wyo. Stat. Ann. § 20-2-307 (LexisNexis 2011) (deviation from presumptive child support must be based upon specific  finding that presumptive amount is unjust or inappropriate); Wyo. Stat. Ann. § 20-2-308 (LexisNexis 2011)  (requiring financial affidavits or testimony for child support order) and Wyo. Const. art. 1, § 6 (due process).   Husband asked the district court to strike paragraphs j and k of the decree and schedule an evidentiary hearing to resolve those issues.

---

[2]  The 120 day time period in paragraph j and the 180 days in paragraph k were provided by Husband's counsel in response to the district court asking when Husband wanted to make the payments.

7

[¶17] Wife responded to the motion asserting that Husband had approved the decree before the district court entered it. She further claimed Husband had agreed to proceed on the unresolved issues by oral argument rather than an evidentiary hearing. She attached the affidavit of the children's guardian ad litem stating that she was present when counsel for the parties met with the district court prior to the hearing and represented that their clients were willing to proceed without an evidentiary hearing. Wife further asserted Husband did not at any time object to proceeding by oral argument or request an evidentiary hearing. Wife maintained there were no significant factual disputes concerning the cost of the children's past and future activities or Husband's imputed income. She asserted Husband either conceded or did not dispute the facts concerning the children's activities.

[¶18] The district court apparently did not rule on Husband's motion. The parties agree the motion was deemed denied pursuant to W.R.C.P. 6(c)(2) on June 11, 2012. Husband filed his notice of appeal to this Court two days later.

## STANDARD OF REVIEW

[¶19] Husband claims the district court abused its discretion in ordering him to pay $7,000 in back child support and half of the children's past and future activities expenses. Determinations concerning child support are generally left to the district court's discretion. *Witowski v. Roosevelt*, 2009 WY 5, ¶ 13, 199 P.3d 1072, 1076 (Wyo. 2009). In determining whether an abuse of discretion occurred, our core inquiry is the reasonableness of the district court's decision. *Hanson v. Belveal*, 2012 WY 98, ¶ 14, 280 P.3d 1186, 1192 (Wyo. 2012).

[¶20] Husband also claims the district court denied his right to due process. Whether a court's action has violated a party's right to due process is a question of law which we review *de novo*. *Kelly v. Kilts*, 2010 WY 151, ¶ 9, 243 P.3d 947, 950 (Wyo. 2010).

[¶21] Wife claims Husband waived his right to due process and to assert error in the district court's rulings. While the question of waiver is often one of fact, when the facts and circumstances relating to the subject are admitted or clearly established, waiver becomes a question of law which we consider *de novo*. *Wyo. Worker's Safety & Comp. Div. v. Wright*, 983 P.2d 1227, 1231 (Wyo. 1999), overruled on other grounds, *Torres v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2004 WY 92, 95 P.3d 794 (Wyo. 2004).

## DISCUSSION

[¶22] Husband asserts the district court improperly and without evidentiary support used the imputed income to which he stipulated for calculating future child support and child

support for the period from January to August 2011 to figure child support for the period from August 2011 to February 2012. He asserts the district court also improperly used the imputed income amount to establish a base line for deviating upward from the presumptive amount and ordering him to pay an additional amount for the children's activities. Husband contends the amount the district court ordered him to pay for the children's activities amounts to child support and, as such, constituted an upward deviation from the presumptive child support which the district court imposed in a manner contrary to law. Husband further contends the district court improperly ordered him to pay child support for the period he was living in the residence and caring for the children. Finally, Husband contends the district court made its rulings without providing him an opportunity to present evidence in violation of his right to due process. We begin our discussion with Husband's due process claim.

[¶23] The Fourteenth Amendment to the United States Constitution and article 1, § 6 of the Wyoming Constitution provide that no person may be deprived of property without due process of law. Notice and the opportunity to be heard are the touchstones of due process. *Kelly*, ¶ 17, 243 P.3d at 952. Except in emergency situations, notice and a meaningful opportunity to be heard must be afforded to a litigant before his property interests can be terminated. *Id*.

> The notice and opportunity for hearing must be appropriate to the particular type of case, and the opportunity to be heard must be at a meaningful time and in a meaningful manner. *Id*. The party claiming an infringement of his right to due process has the burden of demonstrating both that he had a protected interest and that such interest was affected in an impermissible way. *Id*. The question is whether there has been a denial of fundamental fairness.

*Id*.

[¶24] The right to due process can be waived. *Wright*, 983 P.2d at 1232; *Jones v. Jones*, 903 P.2d 545, 548 (Wyo. 1995). *See also D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 184-187, 92 S.Ct. 775, 781-83, 31 L.Ed.2d 124 (1972), citing *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-316, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) and *Boddie v. Connecticut*, 401 U.S. 371, 378-379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). A waiver occurs when there is an intentional relinquishment of a known right manifested in an unequivocal manner. *Cathcart v. Meyer*, 2004 WY 49, ¶ 21, 88 P.3d 1050, 1060 (Wyo. 2004); *Jensen v. Fremont Motor Cody. Inc.*, 2002 WY 173, ¶ 16, 58 P.3d 322, 327 (Wyo. 2002). While the intent to waive may be implied from conduct, the conduct should speak the intent clearly. *Id*. Silence or delay in asserting a right without more does not constitute the unequivocal manifestation of intent required for a claim of waiver. *Jensen*, ¶ 20, 58 P.3d at 327-28. To support a claim of waiver there must be an

obligation to speak or the silence or inaction must be of such duration that is shows an intent to yield a known right. *Id.*

[¶25] In *Wright*, 983 P.2d at 1230, an employee's claim for worker's compensation benefits was referred to the medical commission (commission) for hearing. The commission issued an order expediting the case and giving the parties ten days to request reconsideration of the decision to expedite. No one objected or asked for reconsideration. After the commission denied some of his claims, the employee sought review in district court where, for the first time, he challenged the commission's authority to expedite the proceedings. Agreeing that the commission lacked the authority, the district court reversed and remanded the case for a full evidentiary hearing. The Division appealed and this Court reversed the district court, holding the employee waived his right to challenge the expedited procedure when he did not object or request reconsideration at the time the commission issued the order expediting the case. *Id*. at 1231.

[¶26] In reaching that result, we found it significant that the employee remained silent and fully participated in the expedited proceeding without any complaint concerning the proceeding. We said:

> Wright's active participation in the proceedings invited the Commission to exercise authority he now claims to be beyond statutory allocation. Because Wright abandoned the opportunity to allow the agency to remedy alleged procedural defects, he waived both his claim regarding the statutory basis for the Commission's actions and his procedural due process claim.

*Id*. at 1232. We said further:

> Wright's failure to object to the expedited procedure prior to and during the proceeding, and his active participation in the proceedings, renders his claims on appeal waived. * * * We will not condone the practice of actively and willingly participating in an agency proceeding, only to appeal the process when an adverse ruling is the result.

*Id*. at 1233.

[¶27] In the present case, the record clearly supports Wife's claim that Husband waived his right to an evidentiary hearing. The parties' settlement agreement contains an express waiver by Husband of a hearing on Wife's complaint for divorce including waiver of notice, the right to be heard and the right to be present and cross-examine witnesses. Husband expressly acknowledged in the agreement that he waived his rights with the

10

advice of counsel, having weighed the facts and circumstances and with a clear understanding of that to which he was agreeing. He also expressly acknowledged that he did so freely, voluntarily, without duress and after having adequate time to carefully consider all of the provisions of the parties' agreement.

[¶28] The parties' settlement agreement also makes clear that Husband agreed he had not paid child support for the fourteen months since the divorce was filed and had continued to live in the marital home for seven of those months. He agreed to pay $7,000 for the last seven months and have the district court decide what amount he should pay for the remaining seven months. Husband further agreed that Wife had paid all of the children's activities costs for the fourteen months after the divorce was filed, he had contributed nothing and the district court "should determine what amount (if any)" he should pay to Wife for those past costs. Finally, Husband agreed the district court should determine how the activities' costs should be apportioned between him and Wife in the future. The agreement could not be any clearer that Husband was asking and intended the district court to decide the matters it ultimately decided.

[¶29] The divorce decree prepared by counsel prior to the hearing and approved as to form and content by them on their clients' behalf further demonstrates the parties' intent to proceed as they did. The proposed decree specifically states that the district court's findings were based on the "argument of counsel" and the submissions and pleadings. As drafted by counsel prior to the hearing, the decree clearly reflects that the intent was to proceed without an evidentiary hearing. Consistent with the draft decree, the parties' attorneys advised the court prior to the hearing that their clients were willing to proceed without an evidentiary hearing and to present their respective positions through argument by counsel. Accordingly, the district court convened the hearing and asked to hear the parties' "arguments." Neither Husband nor his attorney objected, nor did they request a trial, evidentiary hearing, or the opportunity to present witnesses or other evidence. When Wife's counsel presented her two exhibits, no objection was made. As she proceeded with her argument, Husband did not object or ask the court to proceed differently. At the conclusion of Wife's argument, Husband's counsel presented his arguments without objecting to the process or asking to present evidence or witnesses. After counsels' arguments, the district court proceeded to rule orally on the two unresolved issues without objection or any request to present evidence. When Wife's counsel suggested alternative language concerning the children's activities in paragraph k of the proposed degree, Husband's counsel concurred, again without objection to the process leading up to the rulings.

[¶30] The above facts are clearly established in the record. Husband's active participation in the proceedings invited the district court to proceed in the manner he now claims to be improper. Because Husband abandoned the opportunity to request the district court to hold an evidentiary hearing, he waived his procedural due process claim.

As in *Wright*, we will not condone the practice of actively and willingly participating in the proceeding, only to appeal the process when an adverse ruling is the result.

[¶31]  Despite his waiver, Husband asserts the district court's ruling cannot stand because § 20-2-308 prohibits the entry of a child support order unless financial affidavits are filed or the court has held a hearing where testimony was received.  Because he did not file a financial affidavit and the court did not hear testimony, he claims the child support order must be reversed and the case remanded for an evidentiary hearing.

[¶32]  Section 20-2-308 provides in pertinent part as follows:

> (a) No order establishing or modifying a child support obligation shall be entered unless financial affidavits on a form approved by the Wyoming supreme court which fully discloses the financial status of the parties have been filed, or the court has held a hearing and testimony has been received.

The statutory language is mandatory—*no* child support order *shall* be entered unless financial affidavits are filed or testimony is received at a hearing.  Wife filed a financial affidavit along with the parties' 2009 and 2010 tax returns.  Husband did not file a financial affidavit.  No testimony was received at the hearing.  The child support order was not entered in compliance with the statutory mandate.

[¶33]   We faced a similar situation in *JLW v. CAB*, 2010 WY 9, 224 P.3d 14 (Wyo. 2010), a termination of parental rights case where the district court did not order a social study upon the filing of the petition as mandated by statute.  At the beginning of trial, father's counsel advised the court that the social study had not been ordered as required by Wyo. Stat. Ann. § 14-2-314 but did not seek a continuance.  Instead, counsel suggested that the court proceed with the trial and, if necessary, order a social study after the trial.  The court accepted the suggestion and proceeded with the trial.  On appeal, father claimed error in the district court's failure to comply with the statute.  We held that father waived any objection to the lack of compliance when his counsel asked the court to proceed with trial without the social study.

[¶34]  As in *JLW*, we hold that Husband waived his objection to the lack of compliance with § 20-2-308 when he did not file a financial affidavit and agreed to have the district court resolve the limited issues based upon the pleadings, submissions and oral argument.  As with his other claims, Husband cannot be heard to complain now about a process that he unequivocally agreed to and participated in without objection.

[¶35]  Husband also contends the district court in effect deviated from the presumed child support when it ordered him to pay one-half of the cost of the children's past and future activities and the decree does not contain the required findings to support the deviation.

Section 20-2-307, which governs deviations from presumptive child support, provides as follows:

(a) The presumptive child support established by W.S. 20-2-304 shall be rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support amounts. Every order or decree providing for the support of a child shall set forth the presumptive child support amount and shall state whether the order or decree departs from that amount.

(b) A court may deviate from the presumptive child support established by W.S. 20-2-304 upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case. In any case where the court has deviated from the presumptive child support, the reasons therefor shall be specifically set forth fully in the order or decree. In determining whether to deviate from the presumptive child support established by W.S. 20-2-304, the court shall consider the following factors:

(i) The age of the child;

(ii) The cost of necessary child day care;

(iii) Any special health care and educational needs of the child;

(iv) The responsibility of either parent for the support of other children, whether court ordered or otherwise;

(v) The value of services contributed by either parent;

(vi) Any expenses reasonably related to the mother's pregnancy and confinement for that child, if the parents were never married or if the parents were divorced prior to the birth of the child;

(vii) The cost of transportation of the child to and from visitation;

(viii) The ability of either or both parents to furnish health, dental and vision insurance through employment benefits;

(ix) The amount of time the child spends with each parent;

(x) Any other necessary expenses for the benefit of the child;

(xi) Whether either parent is voluntarily unemployed or underemployed. In such case the child

13

support shall be computed based upon the potential earning capacity (imputed income) of the unemployed or underemployed parent. In making that determination the court shall consider:

> (A) Prior employment experience and history;
> (B) Educational level and whether additional education would make the parent more self-sufficient or significantly increase the parent's income;
> (C) The presence of children of the marriage in the parent's home and its impact on the earnings of that parent;
> (D) Availability of employment for which the parent is qualified;
> (E) Prevailing wage rates in the local area;
> (F) Special skills or training; and
> (G) Whether the parent is realistically able to earn imputed income.
> (xii) Whether or not either parent has violated any provision of the divorce decree, including visitation provisions, if deemed relevant by the court; and
> (xiii) Other factors deemed relevant by the court.

[¶36] Pursuant to this provision, a district court is required to state in the decree whether the amount of child support ordered departs from the presumptive amount, make a specific finding that application of the presumptive amount would be unjust or inappropriate, state specifically its reasons for deviating from the presumptive amount and consider the factors enumerated in subsections (i) through (xiii). It is not surprising in this case that the decree does not contain the requisite findings.

[¶37] The parties represented to the district court, at least initially, that they were in agreement that the children's activities costs were, in effect, necessary expenses for the benefit of the children as provided in § 20-2-307(x). The settlement agreement states, "Both parties have been supportive of the minor children participating in these competitive sports since they began in the children's early years and are supportive of the minor children continuing these endeavors . . . ." With that understanding, Husband and Wife asked the court to determine how much of the costs Husband should pay. The decree the parties approved and presented to the district court did not contain the findings required in § 20-2-307. The proposed decree did not treat Husband's share of the costs as a deviation from the presumptive child support, rather it asked the district court literally to fill in the blanks in determining the parties' proportionate share of those costs and how much Husband owed Wife for past costs. Under these circumstances, we reach the same conclusion we reached in addressing Husband's claim concerning the lack of compliance

14

with § 20-2-308.  Husband waived any claim that the district court failed to comply with § 20-2-307.   We affirm the decree of divorce.