# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 76

### APRIL TERM, A.D. 2013

June 18, 2013

MATTHEW OLIVER LEE,

Appellant
(Plaintiff),

v.

S-12-0233

NANCY W. LEE,

Appellee
(Defendant).

*Appeal from the District Court of Teton County*
The Honorable Marvin L. Tyler, Judge

*Representing Appellant:*
    Mark J. Longfield of Longfield Law Office, LLC, Jackson, Wyoming.

*Representing Appellee:*
    Molly Hartman Dearing of Dearing Law Firm, LLC, Jackson, Wyoming.

*Before KITE, C.J., HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KITE, Chief Justice.**

[¶1]   Matthew Oliver Lee (Father) appeals from the district court's order directing him to pay Nancy W. Lee (Mother) $680 per month in child support for the care of their minor child.  Although the district court granted Father a downward deviation from the amount calculated with the child support guidelines, he claims the court erred by refusing to apply the joint custody child support statute.  We disagree with some of the district court's rationale; however, we conclude, in the end, it did not abuse its discretion.  Consequently, we affirm.

## ISSUES

[¶2]   Father presents a single issue on appeal:

> Did the district court abuse its discretion in finding that [Father] did not meet the requisite statutory guidelines for joint custody child support?

Mother also queries:

> Does this [C]ourt lack jurisdiction to consider this appeal because [Father] failed to file a Notice of Appeal from the district court's final order disposing of the issues in this case within the allotted time provided by Wyo. R. App. P. Rule 2.01?

## FACTS

[¶3]   The parties divorced in 2008 and the initial decree established joint legal and physical custody of their minor child with no support obligation.   On April 6, 2009, Father filed a petition to modify custody, seeking primary residential custody of the child.  On April 28, 2009, Mother responded with her own motion seeking primary residential custody and child support.  The parties were ultimately able to agree on a number of matters, including that Mother would have primary residential custody of the child and Father would have liberal visitation.  Father's overnight visitation generally included every other weekend during the school year, alternating holidays, and all of the summer vacation except every other weekend and one uninterrupted ten day period and one four day weekend during which Mother was entitled to keep the child.

[¶4]   The parties agreed to split the cost of the child's health insurance and any non-covered medical needs.  With regard to school expenses, the parties agreed to share equally expenses associated with "remedial training, tutoring, textbooks and testing."  However, Mother was responsible for "standard school supplies, school meals, field trips,

1

yearbooks and class gifts."[1]  The parties were unable to agree on child support and submitted that matter to the district court for resolution, expressly stipulating that the decision could be made on the record without a hearing.  Mother sought child support in accordance with the child support guidelines in Wyo. Stat. Ann. § 20-2-304(a) (LexisNexis 2012)[2] which pertain to a standard primary custody/visitation arrangement.

---

[1] The record indicates the child is in public school.

[2] Section 20-2-304(a) stated, in relevant part:

> (a) Child support shall be expressed in a specific dollar amount. The following child support tables shall be used to determine the total child support obligation considering the combined income of both parents. The appropriate table is based upon the number of children for whom the parents share joint legal responsibility and for whom support is being sought. After the combined net income of both parents is determined it shall be used in the first column of the tables to find the appropriate line from which the total child support obligation of both parents can be computed from the third column. The child support obligation computed from the third column of the tables shall be divided between the parents in proportion to the net income of each. The noncustodial parent's share of the joint child support obligation shall be paid to the custodial parent through the clerk of court:

> (i) One (1) child:

| Net Monthly Income of Both Parents | Percentage of Income Allocated For One Child | Base Support Plus Marginal Percentage |
| --- | --- | --- |
| $ 833.00 | 26.2 | $ 218.00 + 24.3% over $ 833.00 |
| $2,083.00 | 25.1 | $ 522.00 + 23.3% over $2,083.00 |
| $2,917.00 | 24.6 | $ 716.00 + 12.9% over $2,917.00 |
| $3,750.00 | 22.0 | $ 824.00 + 10.7% over $3,750.00 |
| $5,000.00 | 19.2 | $ 958.00 + 9.9% over $5,000.00 |
| $6,667.00 | 16.8 | $1,122.00 + 9.4% over $6,667.00 |
| $8,958.00 | 14.9 | $1,338.00 + 5.9% of anything over $8,958.00 |

Father asserted the reduced child support obligation set out in Wyo. Stat. Ann. § 20-2-304(c) (LexisNexis 2012)[3] for joint custody arrangements should apply to their situation or, in the alternative, he was entitled to a downward deviation from the guideline amount, pursuant to § 20-2-307(b) (LexisNexis 2012).[4]

_____

[3] Section 20-2-304(c) stated:

(c) When each parent keeps the children overnight for more than forty percent (40%) of the year and both parents contribute substantially to the expenses of the children in addition to the payment of child support, a joint presumptive support obligation shall be determined by use of the tables. After the joint presumptive child support obligation is derived from column three of the tables, that amount shall be divided between the parents in proportion to the net income of each. The proportionate share of the total obligation of each parent shall then be multiplied by the percentage of time the children spend with the other parent to determine the theoretical support obligation owed to the other parent. The parent owing the greater amount of child support shall pay the difference between the two (2) amounts as the net child support obligation.

[4] Section 20-2-307(b) stated:

(b) A court may deviate from the presumptive child support established by W.S. 20-2-304 upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case. In any case where the court has deviated from the presumptive child support, the reasons therefor shall be specifically set forth fully in the order or decree. In determining whether to deviate from the presumptive child support established by W.S. 20-2-304, the court shall consider the following factors:
    (i) The age of the child;
    (ii) The cost of necessary child day care;
    (iii) Any special health care and educational needs of the child;
    (iv) The responsibility of either parent for the support of other children, whether court ordered or otherwise;
    (v) The value of services contributed by either parent;
    (vi) Any expenses reasonably related to the mother's pregnancy and confinement for that child, if the parents were never married or if the parents were divorced prior to the birth of the child;
    (vii) The cost of transportation of the child to and from visitation;
    (viii) The ability of either or both parents to furnish health, dental and vision insurance through employment benefits;
    (ix) The amount of time the child spends with each parent;
    (x) Any other necessary expenses for the benefit of the child;
    (xi) Whether either parent is voluntarily unemployed or underemployed. In such case the child support shall be computed based upon the potential earning capacity (imputed

[¶5]   After considering all of the materials, the district court issued a "Decision Regarding Child Support Calculation."  It ruled that § 20-2-304(c) was not applicable because Father did not substantially contribute to the child's expenses in addition to paying child support.  The district court, therefore, applied the guidelines in § 20-2-304(a) and calculated Father's presumptive monthly child support obligation at $759. However, it also granted his request for a downward deviation under § 20-2-307(b), based upon the amount of time the child spends with each parent and Father's obligation for another child, to arrive at a final child support obligation of $680 per month.  After the district court entered an "Order on Child Support," Father filed a notice of appeal.

## STANDARD OF REVIEW

[¶6]   "The existence of jurisdiction is a question of law and our review is *de novo.*" *Mathewson v. Estate of Nielsen,* 2011 WY 71, ¶ 11, 252 P.3d 958, 961 (Wyo. 2011).  *See also*, *Evans v. Moyer,* 2012 WY 111, ¶ 9, 282 P.3d 1203, 1208 (Wyo. 2012).  The *de novo* standard of review also applies to statutory interpretation questions. *Egan v. Egan,* 2010 WY 164, ¶ 7, 244 P.3d 1045, 1048 (Wyo. 2010); *Dorr v. Smith, Keller & Assoc.,* 2010 WY 120, ¶ 11, 238 P.3d 549, 552 (Wyo. 2010).

[¶7]   In general, determinations concerning child support and the decision to deviate from the child support guidelines are left to the district court's discretion.  *Verheydt v. Verheydt,* 2013 WY 25, ¶ 19, 295 P.3d 1245, 1250 (Wyo. 2013); *Witowski v. Roosevelt,* 2009 WY 5, ¶ 13, 199 P.3d 1072, 1076 (Wyo. 2009).  Consequently, we will not disturb the district court's child support award unless it abused its discretion.  "In determining whether an abuse of discretion occurred, our core inquiry is the reasonableness of the district court's decision."  *Verheydt,* ¶ 19, 295 P.3d at 1250; *Hanson v. Belveal,* 2012 WY 98, ¶ 14, 280 P.3d 1186, 1192 (Wyo. 2012).  If our review requires an evaluation of the

---

income) of the unemployed or underemployed parent. In making that determination the court shall consider:

(A) Prior employment experience and history;

(B) Educational level and whether additional education would make the parent more self-sufficient or significantly increase the parent's income;

(C) The presence of children of the marriage in the parent's home and its impact on the earnings of that parent;

(D) Availability of employment for which the parent is qualified;

(E) Prevailing wage rates in the local area;

(F) Special skills or training; and

(G) Whether the parent is realistically able to earn imputed income.

(xii) Whether or not either parent has violated any provision of the divorce decree, including visitation provisions, if deemed relevant by the court; and

(xiii) Other factors deemed relevant by the court.

sufficiency of the evidence to support the district court's decision, "we afford to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party." *Reavis v. Reavis,* 955 P.2d 428, 431 (Wyo. 1998) (citations omitted).

## DISCUSSION

### A. *Jurisdiction*

[¶8]   We begin with Mother's jurisdictional issue because a determination that jurisdiction is lacking would be dispositive.  In order to invoke our jurisdiction, a notice of appeal must be filed within thirty days from entry of a final appealable order. W.R.A.P. 2.01; *Evans,* ¶ 11, 282 P.3d at 1208.  Mother claims the district court's "Decision Regarding Child Support Calculation" was a final appealable order and we do not have jurisdiction because Father failed to file his notice of appeal within thirty days after entry of that order.

[¶9]   The "Decision Regarding Child Support Calculation" was a twenty-eight page letter filed on July 30, 2012, which included the following provisions:

> The Court believes that all pending matters have been determined in this case.  Should any pending issues remain, counsel or the parties shall <u>immediately</u> notify the Court in writing of the nature of any such pending issues, but not later than ten (10) days from the date of filing hereof.
>
> Within twenty (20) days of the date of filing of this Decision Regarding Child Support Calculation, counsel for [Mother] shall prepare the proper Order(s) consistent with this [decision], including such specific findings as are required by Wyoming law, submit such to [Father's] counsel showing proof of service thereof, for approval as to form, and forward to this Court for entry and filing in accordance with the Wyoming Rules of Civil Procedure.

(Emphasis in original.)   The district court entered its Order on Child Support on September 5, 2012, and Father perfected his appeal on October 4, 2012.

[¶10]  The "Decision Regarding Child Support Calculation" was akin to a decision letter in which the district court sets out a detailed analysis of the issues but also envisions a subsequent order.  We have repeatedly stated that generally "a decision letter does 'not constitute a judicial determination which may be considered a final order.'" *Parris v.*

5

*Parris,* 2009 WY 44, ¶ 17, 204 P.3d 298, 303 (Wyo. 2009), quoting *Broadhead v. Broadhead,* 737 P.2d 731, 733 (Wyo. 1987).

[¶11] In addition, the district court's letter plainly contemplated further proceedings by allowing the parties to notify it of any pending issues and directing Mother's counsel to prepare a final order. We have, in other cases, considered jurisdictional arguments involving orders which indicate there is further work to be done in the case. In *Evans,* ¶¶ 16-18, 282 P.3d at 1209, the district court's order on a petition for accounting and distribution of income addressed most of the substantive issues. We, nevertheless, determined that it was not a final appealable order because it also directed the trustee to provide a sufficient accounting. Similarly, under the circumstances presented in this case, the final order was not the district court's letter, but was the order entered on September 5, 2012. Father perfected a timely appeal from that order, and we have jurisdiction.

### B. Child Support Calculation

[¶12] Father claims he is entitled to the reduced child support obligation associated with joint custody as set out in § 20-2-304(c). To qualify under § 20-2-304(c) each parent must keep the child overnight for more than forty percent of the year and substantially contribute to the child's expenses in addition to child support. *Fountain v. Mitros,* 968 P.2d 934, 938-39 (Wyo. 1998); *Cranston v. Cranston,* 879 P.2d 345, 350 (Wyo. 1994) (applying an earlier version of the statute which only required the parent to keep the child overnight for twenty-five percent of the year). The parties disagreed on the percentage of time the child spent with Father—Father calculated it at 40.3% and Mother calculated it at 37.9%. The district court stated: "Instead of engaging in a trivial computation of days on a calendar, the Court believes that scrutiny of the contributions made by each party toward the upbringing of the minor child is more productive." Section 20-2-304(c) requires the calculation of time **and** a determination of whether the non-custodial parent's contributions, in addition to child support, are substantial. Under our rules of statutory interpretation, we must give effect to every word, clause and sentence in a statute and it is not appropriate to disregard statutory provisions. *Greene v. Wyoming Board of Chiropractic Examiners,* 2009 WY 42, ¶ 15, 204 P.3d 285, 291 (Wyo. 2009). As such, the district court erred by concluding that calculation of the amount of time the child spent with Father was not required.

[¶13] The district court, however, provided an alternate rationale for denying Father's request—it found that he did not contribute substantially to the child's expenses in addition to child support.[5] In order for a contribution to be considered substantial, it must

---

[5] This case is a little different than normal, as Father did not previously have a support obligation and, therefore, no history of paying child support. The district court suggested that Father's failure to pay child support disqualified him from the joint custody child support provision. In *Jensen v. Milatzo-Jensen,* 2013 WY 27, ¶ 30, 297 P.3d 768, 778 (Wyo. 2013), we clarified that the requirements of § 20-2-

be "something worthwhile, of real worth and importance, as distinguished from providing for expenses which are merely nominal or without value to the children." *Cranston v. Cranston,* 879 P.2d 345, 350 (Wyo. 1994). The contribution does not, however, have to be for extraordinary expenses and can include expenses associated with providing the child's "necessities" while with the non-custodial parent. *Jensen,* ¶ 28, 297 P.3d at 777-78.

[¶14] In *Fountain,* we affirmed the district court's decision that the father had not met the substantial contribution requirement under the statute.[6] In that case, the father clearly kept the child overnight more than forty percent of the time and paid for all of the child's medical insurance. *Fountain,* 968 P.2d at 935. The father presented evidence that he also paid for all of the child's needs while staying with him, piano lessons, educational supplies, clothing, numerous outdoor trips and a bicycle. Mother presented evidence that she provided the primary residence of the child, school clothes, regular school supplies, school lunches, shoes, extracurricular activities, bicycles, and all of the child's medical bills on two or three occasions. The district court ruled Father's contribution was not "substantial" in accordance with the joint custody child support statute, but he was entitled to a downward deviation from the presumptive support amount based upon his additional contribution. We concluded that the decision was "certainly not beyond the bounds of reason" and affirmed. *Id.* at 939-40.

[¶15] Applying our standard of review, we consider the evidence in this case in the light most favorable to the prevailing party, Mother. The parties equally share the expenses associated with the child's medical treatment, health insurance, remedial training, tutoring, textbooks and testing. Historically, the parties have not shared supplies such as clothes and toys; rather, each provides for the child's needs when she is with him or her. Given Mother has primary residential custody of the child, she provides the majority of such items. This fact is confirmed by an email in which Father's wife informed Mother that she had told the child Mother would "be buying a majority of her clothes, shoes, and other items with the money [Mother] would be receiving for her" under the new custody and support arrangement. Mother also pays for all standard school supplies, school meals, field trips, yearbooks, class gifts and the majority of the child's extracurricular activities. In addition, she is responsible for the child's primary residence. As we have previously stated, expenses associated with maintaining the child's primary residence continue unabated during visitation periods with the other parent. *Cranston,* 879 P.2d at 350.

---

304(c) are applied by looking at how the new visitation/child support order will operate. Thus, we will consider this case from the perspective of Father paying child support in accordance with the modification.

[6] At the time *Fountain* was decided, the joint custody child support provision was found in Wyo. Stat. Ann. § 20-6-304(d) (1997). The statutes have since been renumbered; however, the applicable language is the same.

[¶16] The district court recognized Father's additional contributions by granting him a downward deviation from the presumptive child support amount and allowing him to apply for abatement of his child support obligation under appropriate circumstances. Wyo. Stat. Ann. § 20-2-305 (LexisNexis 2012).[7] Given the similarities between the case at bar and *Fountain,* we conclude the district court's decision that the joint custody child support provision did not apply because Father's contribution was not substantial and he was, instead, entitled to a downward deviation from the presumptive child support amount for his additional contribution was not an abuse of discretion.

[¶17] Affirmed.

---

[7] Section 20-2-305 allows child support to "abate by one-half (1/2) of the daily support obligation for each day the noncustodial parent has physical custody of the child for whom support is due, provided that the noncustodial parent has custody of the child for fifteen (15) or more consecutive days."